Appeal by self-insured employer from a decision of the State Industrial Board (now Workmen’s Compensation Board), filed March 29, 1945, affirming a decision of the referee filed December 15, 1944, which made an award to the widow and three minor children for benefits arising out of the death of Hubert Glavy.' A further appeal was taken from a decision of the board, filed September 17, 1945, which confirmed the decision of March 29, 1945. The award was made under section 66 of article 4-A of the Workmen’s Compensation Law. Appellant urges that the claim should be dismissed under sections 66 and 67 of the Workmen’s Compensation Law. Decedent had been employed by the appellant as a bricklayer for fourteen years. He had been exposed to silica dust during the whole term of his employment. On October 27, 1936, deceased was working with other employees in the regenerator chamber *907 of the factory of appellant. Another workman, by mistake, inserted an air hose into the chamber where decedent was working and silica dust was blown in for several minutes. This seriously affected the decedent. On October 31, 1936, he was examined by Dr. McCarthy, who found that he had a racking cough. He had no stomach trouble at that time. X-ray pictures were taken on November 2, 1936. These were later examined by Dr. Cotter, who stated that decedent was suffering from advanced silicosis. Decedent was sent to a hospital for a time and was advised to remain at home for six months. He did not follow such advice, but because of his financial situation, returned to work February 1, 1937. He was given light work and continued at light work until Saturday November 30, 1940, except for short periods. Dr. McCarthy examined him in December, 1937, and in January, 1940. There was no change in his condition. On Monday, December 2, 1940, decedent had several hemorrhages from the stomach. About December 8, 1940, an operation on the stomach was contemplated. After an examination of the X-ray plates made in October, 1936, it was decided not to operate. Decedent was in the hospital from late in December, 1940, to May, 1941. Thereafter he was at his home until he died on January 9, 1943. Dr. John Lloyd examined the decedent in June, 1942. His report and testimony show that at that time the decedent had silicosis with severe emphysema, heart damage and duodenal ulcer. He found that there was total and permanent disability. He describes the condition as due to silicosis rather than ulcer. He also found that the emphysema was attributable to silicosis. Dr. Forrestel, who issued the death certificate, reported that death was due to gastric ulcer perforation, peritonitis, pulmonary fibrosis and pneumoconiosis. Several physicians on behalf of the appellant expressed the opinion that silicosis did not cause death or disability. There is medical testimony that silicosis precipitated the perforation of the ulcer and that there was a causal relationship between the silicosis and the resulting disability and death. There was sufficient evidence to justify the finding that decedent was totally disabled from November 30, 1940, as a result of silicosis contracted by him in the course of his regular employment by exposure to harmful silica dust. Decision and award affirmed, with costs to the Workmen’s Compensation Board. All concur. [See post, p. 1040.]